IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-F-08-203 OWW |
| ) | |
| ) | MEMORANDUM DECISION AND |
| ) | ORDER DENYING PETITIONER'S |
| Plaintiff/ ) | "MOTION TO RECONSIDER INMATE |
| Respondent, ) | SENTENCE IN FERAL [sic] |
| ) | CUSTODY PURSUANT TO §§ |
| vs. ) | 4A1.1(a) AND USSG 4A1.1(a) |
| ) | OR (b)" WITHOUT PREJUDICE |
| ) | |
| JOSE HERNANDEZ-MIRANDA, ) | |
| ) | |
| ) | |
| Defendant/ ) | |
| Petitioner. ) | |
| ) | |
| _____) | |

On November 15, 2010, Petitioner Jose Hernandez-Miranda, proceeding *in pro per*, filed a "Motion to Reconsider Inmate Sentence in Feral [sic] Custody Pursuant to §§ 4A1.1(a) and USSG 4A1.1(a) or (b)."

Petitioner was charged with being a deported alien found in the United States, a felony, in violation of 8 U.S.C. § 1326. Petitioner pleaded guilty pursuant to a written Plea Agreement on August 25, 2008. Pursuant to the Plea Agreement, Petitioner agreed in relevant part as follows:

1

III. **Agreements by Defendant**.

...

(f) The defendant agrees not to move for a
downward departure or reduction of his
sentence beyond the three (3) level departure
agreed to by the government under this plea
agreement pursuant to U.S.S.G. § 5K1.1.  The
defendant understands and agrees that this
agreement by him includes, but is not limited
to, not moving for a downward departure of
the offense level, his criminal history
category, or criminal history points as
defined by the United States Sentencing
Guidelines.  This also includes requesting
that any portion of his sentence run
concurrent to any criminal justice sentence
that he may be serving or that he receive
credit for time served on any sentence he may
be serving or that he receive credit for time
served on any sentence he served or is
currently serving.  Furthermore, defendant
shall not argue, by way of reference to
factors under 18 U.S.C. § 3553, for a term of
imprisonment of less than forty-one (41)
months.

(g) The defendant is aware that Title 18,
United States Code, Section 3742 affords a
defendant the right to appeal any sentence
imposed.  Acknowledging this, the defendant
knowingly and voluntarily agrees to waive all
Constitutional and statutory rights to appeal
his conviction and sentence, including but
not limited to an express waiver of appeal of
this plea (including any venue and statute of
limitations issues) and to attack
collaterally his mental competence, and his
plea, or his sentence, including but not
limited to, filing a motion under 28 U.S.C. §
2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3742,
or otherwise.  If the defendant ever attempts
to vacate his plea, dismiss the underlying
charges, or reduce or set aside his sentence
on any of the counts to which he is pleading
guilty, the government shall have the
following rights: (1) to prosecute the
defendant on any count to which he is
pleading guilty; (2) to reinstate any counts
that may be dismissed under this agreement;

2

and (3) to file any new charges that would otherwise be barred by this agreement.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy.  In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

...

(j) The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline range (either above or below the guideline range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).  Defendant agrees that the guideline sentence in this case is reasonable and that a term of imprisonment of forty-one (41) months is part of an overall 'reasonable sentence.'

Pursuant to the Plea Agreement, the United States agreed as

follows:

IV.  **Agreements by the Government**.

...

(a) The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual;

(b) The government will recommend that the defendant's offense level be adjusted downward an additional three (3) levels for agreeing to an 'early disposition' of this case, under U.S.S.G. § 5K3.1, without a trial and without filing any pretrial motions or any objections to the presentence report dated August 6, 2008, and if the defendant is sentenced on the same day he pleads guilty; and

(c) The government will recommend that defendant be sentenced at the low end of the applicable U.S. Sentencing Guidelines range. This will result in a term of imprisonment of forty-one (41) months.

Petitioner was sentenced on August 25, 2008, the same day he pleaded guilty, to imprisonment for a term of 41 months. Because Petitioner waived his right to appeal pursuant to the Plea Agreement, no appeal from his conviction and sentence was filed.

In his motion, Petitioner contends that the 3 points added to his criminal history score for his May 11, 2004 conviction of improper entry by an alien into the United States in the United States District Court for the Central District of California,

4

Case No. CR04-708 SVW, pursuant to U.S.S.G. § 4A1.1(a) and the 2

points added to his criminal history computation:

> 28.  The instant offense was committed less
> than two years following the defendant's
> release from custody for a sentence counted
> under USSG 4A1.1(a) or (b) or while
> imprisoned or on escape status.  Pursuant to
> USSG 4A1.1(e), 2 point [sic] is added.

"was never mention to me by any one at court."  Petitioner

asserts "if there is two points for an instant offense, the

plaintiff was never advised of either 2- or 3 points added to the

plaintiff sentence or it may got use to add the sentence at 41

months."  Petitioner contends:

> 'THIS MOTION DO NOT TRY TO ATTACK THE 41
> MONTH SENTENCE' But only the points where add
> on to the defendants criminal history to add
> more time and higher levels, was wells the
> the amount of the defendants sentence [sic].

Petitioner's motion to reconsider his sentence is DENIED.

Petitioner specifically waived any right to collaterally

attack his conviction or sentence pursuant to Section 2255 in the

Plea Agreement.  Because a plea agreement is contractual in

nature, its plain language will be enforced if the agreement is

clear and unambiguous on its face.  *United States v. Jeronimo*,

398 F.3d 1149, 1153 (9th Cir.), *cert. denied*, 546 U.S. 883

(2005).  The only claims that cannot be waived are claims that

the waiver itself was involuntary or that ineffective assistance

of counsel rendered the waiver involuntary.  *See Washington v.*

*Lampert*, 422 F.3d 864, 871 (9th Cir.2005), *cert. denied*, 547 U.S.

1074 (2006).  Here, Petitioner makes no claim or showing that the

waiver of his right to collaterally attack his sentence was
involuntary or based on the ineffective assistance of counsel.

Furthermore, even if Petitioner had not waived his right to
collateral attack and the Court could construe his motion to be a
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241,
Petitioner would not be entitled to relief.[1]   A petition for
review of a sentence under Section 2241 must be filed in the
District Court for the District in which the petitioner is
incarcerated.  Petitioner is incarcerated at Taft, California,
within the Eastern District of California.  This Court would have
jurisdiction to hear any Section 2241 petition filed by
Petitioner.  However, the proper respondent to a Section 2241
petition is the custodian/warden of the institution where the
federal prisoner is incarcerated.  *See Brittingham v. United
States*, 982 F.2d 378 (9th Cir.1992).  Petitioner's motion names
the United States as respondent.  Further, as a judicially
created general rule, a federal prisoner challenging the
execution of his sentence must first exhaust all administrative
remedies.  *See Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990),
*overruled on other grounds*, *Reno v. Koray*, 515 U.S. 50 (1995).
Petitioner asserts that he is not seeking a reduction in his 41
month sentence.  If the 3 points for his 2004 conviction and the

---

[1]Petitioner's motion cannot be construed as a motion to
vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255
because Petitioner asserts that he is not challenging the sentence
imposed.  Challenges to the legality of the sentence imposed must
be brought pursuant to Section 2255.  Challenges to the execution
of a federal sentence must be brought pursuant to Section 2241.

2 points for the offense being committed less than two years following his release from custody in connection with the 2004 conviction are eliminated, Petitioner's criminal history score would have been 2, resulting in a criminal history category of II.  Petitioner does not challenge his total offense level of 21 points.  A criminal history category of II with an offense level of 21 results in a sentencing guideline range of 41-51 months. Petitioner was sentenced to 41 months as agreed by the parties. Although a federal prisoner's criminal history score is relevant to the Bureau of Prison's security and custody classification, *see* Bureau of Prison Program Statement 5100.08, Petitioner makes no claim or showing that the Bureau of Prisons has imposed a security or custody classification that would not otherwise have been imposed if his criminal history score was 2 instead of 7. Further, Petitioner makes no claim that he has exhausted administrative remedies and does not name the proper respondent.

For the reasons stated:

1.  Petitioner's "Motion to Reconsider Inmate Sentence in Feral [sic] Custody Pursuant to §§ 4A1.1(a) and USSG 4A1.1(a) or (b)" is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   November 23, 2010         _____/s/ Oliver W. Wanger_____
                                   UNITED STATES DISTRICT JUDGE